UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN SHAW,

                         Plaintiff,

        v.                                                      Case No. 25-cv-1464-bhl

MICHAEL PREBEG et al.,

                         Defendants.

---

## DECISION AND ORDER

---

Plaintiff Ryan Shaw is representing himself in this 42 U.S.C. §1983 case. He is proceeding, in part, on a claim that Defendant Michael Prebeg retaliated against him in violation of the First Amendment when he wrote Shaw a bogus conduct report for lying because Shaw had filed an inmate complaint about a mouse infestation at the prison. Dkt. No. 9. On March 16, 2026, Defendants moved for partial summary judgment on the ground that Shaw failed to exhaust the available administrative remedies on the retaliation claim before he filed this lawsuit. Dkt. No. 19. The Court notified Shaw that his response materials were due by April 15, 2026. The Court warned Shaw that if he did not respond by the deadline, the Court would accept all facts asserted by Defendants as true and would decide the motion without his input. *See* Civil L. R. 56(b)(4). The deadline passed, and Shaw did not respond to the motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Prebeg is entitled to summary judgment on Shaw's retaliation claim. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Shaw's failure to respond, the Court finds that Shaw did not mention at the disciplinary hearing that he believed Prebeg had written the conduct report to retaliate against him. Dkt. No. 21 at ¶30. Accordingly, Shaw did not comply with Wis. Stat. DOC §310.06(2)(b), which requires inmates to exhaust claims regarding disciplinary actions through the disciplinary appeal process before they address them through the institution complaint review system. Because Shaw did not "properly" exhaust the available administrative remedies

on his retaliation claim against Prebeg, *see Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), Prebeg is entitled to summary judgment on that claim.

Finally, the Court notes that, since filing this lawsuit, Shaw has been released from prison. It is not uncommon for a person who files a lawsuit while he is incarcerated to lose interest in prosecuting the case once he is faced with the many responsibilities and challenges of living in the community. Shaw's failure to respond to Defendants' motion suggests that he may have lost interest in prosecuting this lawsuit. If so, it would be a waste of time and resources to require the Defendants to continue to defend against Shaw's remaining claims. Accordingly, the Court will require Shaw to notify the Court in writing by **May 29, 2026**, if he wants to continue to prosecute the remaining Eighth Amendment claims against Prebeg, Warden Christopher Stevens, and Food Services Administrator William Blackburn. If the Court does not hear from Shaw by the deadline, it will dismiss this action based on his failure to diligently prosecute it. *See* Civil L. R. 14(c).

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment based on Shaw's failure to exhaust the administrative remedies on his retaliation claim against Prebeg (Dkt. No. 19) is **GRANTED.** Shaw's retaliation claim against Prebeg is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, by **May 29, 2026**, Shaw must notify the Court if he is still interested in prosecuting this case. If he does not, the Court will dismiss this action based on his failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 29th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge