UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN SHAW,

Plaintiff,

v. Case No. 25-cv-1464-bhl

MICHAEL PREBEG et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Ryan Shaw is representing himself in this 42 U.S.C. §1983 case. He is proceeding on an Eighth Amendment conditions-of-confinement claim in connection with an alleged mouse infestation at the Green Bay Correctional Institution. On October 14, 2026, Defendants filed a motion for summary judgment. Dkt. No. 33. In a notice and order, the Court reminded Shaw that under Civil L. R. 56(b)(2) his response materials were due by November 13, 2026. Dkt. No. 41. Because Shaw is no longer incarcerated, he no longer benefits from the prison mailbox rule and his response was due to be received by the Court on November 13, 2026. This deadline has now passed, and the Court has not received any response. In the Court's prior notice and order, it warned Shaw that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in their favor. Consistent with its prior admonition, the Court will assume all facts asserted by Defendants are true and will decide the motion without Shaw's input.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Shaw's failure to respond, the Court finds that no jury could reasonably conclude that the sporadic interactions that Shaw had with mice over the course of a year "were objectively serious enough to establish a constitutional violation." *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Moreover, given the Defendants' many efforts to mitigate rodent issues, no jury could reasonably conclude that Defendants knew

of and disregarded an excessive risk to Shaw's health and safety. *See Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002). Defendants are therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 33) is **GRANTED** and this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.